IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:20-CV-1557-M-BH |
| | ) | |
| LAWRENCE HILL, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

On June 9, 2020, the petitioner filed an "Original Petition for Writ of Habeas Corpus" in a civil case, and it was ordered filed in this new habeas action. (*See* docs. 2, 3.) By *Notice of Deficiency and Order* dated June 15, 2020, he was notified that he had not filed his habeas petition on the appropriate form and paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 5.) The order specifically advised the petitioner that within thirty days, he must file his habeas petition on the appropriate form and either pay the filing fee or file an IFP application, and that a failure to do so could result in the dismissal of the case. *Id.* Attached to the order was a form for a habeas petition under 28 U.S.C. § 2241 and an IFP application. *See id.* No response to the order was received. On July 21, 2020, a *Second Notice of Deficiency and Order* notified him that he had not filed his habeas petition on the appropriate form and paid the filing fee or submitted an IFP application and included the appropriate forms. (*See* doc. 9.) It specifically advised the petitioner that he must comply with its terms within thirty days, and that a failure to do

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

so could result in the dismissal of the case.  *Id.*  More than thirty days from the date of the second order have passed, but the petitioner has still not filed his habeas petition on the appropriate form and either paid the filing fee or filed an IFP application, and he has not filed anything else.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The petitioner failed to comply with the orders that he file his § 2241 petition on the appropriate form and either pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case.  The case should therefore be dismissed under Rule 41(b) for failure to prosecute or follow court orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow orders of the court, unless the petitioner files his § 2241 habeas petition on the appropriate form, and either pays the filing fee or submits a completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED** on this 14th day of September, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE